LYDIA GROSKOPF SPANGLER, APPELLANT, V. TERRY
CARPENTER, INCORPORATED, ET AL., APPELLEES.
131 N. W. 2d 159

Filed October 30, 1964.    No. 35835.

Holtorf, Hansen, Fitzke & Kortum, for appellant.

Lovell & Raymond, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Lydia Groskopf Spangler, plaintiff and appellant, against Terry Carpenter, Incorporated, and Employers Mutual Liability Insurance Company of Wisconsin, a corporation, defendants and appellees, to recover workmen's compensation on account of alleged injuries sustained by the plaintiff on February 10, 1961, in an accident which she claims occurred while she was engaged in employment by the defendant Terry Carpenter, Incorporated, and on account of which she is entitled to recover from this defendant, and the other

defendant, who is the workmen's compensation insurance carrier.

The action was originally commenced by the filing of a petition in the workmen's compensation court on January 10, 1963. The defendants filed an answer, issue was joined, and trial was had before a single member of the workmen's compensation court, and an award was made and filed on June 6, 1963, in favor of the plaintiff and against the defendants. There is no record of the evidence on which the award depends.

On June 17, 1963, the plaintiff filed a refusal to accept the findings and award, and requested a rehearing, reversal, and modification by the workmen's compensation court sitting en banc. Rehearing was had as requested.

At the rehearing the parties adduced their evidence bearing on the question of the happening of the accident, the plaintiff's injuries, if any, and the character and extent of the liability, if any, of the defendants on account thereof. A record of this evidence was made and preserved. On the basis of this record and the issues as defined by the pleadings an award was made by the workmen's compensation court on rehearing. This was made November 21, 1963. This award contained the findings of the court and its judgment as to the amount, kind, and character of relief to which the plaintiff was entitled. From this judgment the plaintiff appealed to the district court on the ground that the judgment was not, under the facts and the law, sufficient.

A trial was had in the district court and in that court it was submitted, from the standpoint of evidence, on the record which was taken and preserved in the case on rehearing in the workmen's compensation court. No other evidence was received or offered in the district court.

In the district court in response to the petition of plaintiff, the defendants by answer declared their acceptance of the award made by the workmen's compensation court sitting en banc, and requested affirmance

thereof by the district court. On this record the district court affirmed the award of the workmen's compensation court and rendered judgment accordingly. It is this judgment of the district court that the plaintiff seeks to have reversed in the appeal here.

By the appeal the plaintiff does not contend that she is not entitled to receive the benefits in her favor declared in the judgment, but only that on the evidence and under law she is entitled to benefits in excess of those awarded to her.

Except in a single particular there is nothing which may be regarded as a dispute in the evidence. Except as to this one instance the only question is that of whether or not the evidence of plaintiff is sufficient as prima facie proof that she is entitled to an award in excess of the award of the workmen's compensation court which was approved by the judgment of the district court.

Before the workmen's compensation court the plaintiff adduced her evidence much of which was admitted over objections and rulings by that court adverse to the defendants, but no point of this was made in the trial in the district court by the defendants.

The sum total of the defense amounted to an admission by the defendants that the evidence of plaintiff was sufficient to sustain that portion of her claim which was awarded by the workmen's compensation court and thereafter affirmed by the judgment of the district court.

The only evidentiary dispute related to the question of the degree of permanent partial disability of the plaintiff flowing from the accident. Two doctors who testified on behalf of plaintiff as expert witnesses fixed this disability, one at not to exceed 10 percent, and the other at 10 percent to 50 percent. Included in the testimony of neither of these witnesses is there any reference to described and known injury to any physical bodily structure or structures. It is pointed out further that

there is no evidence in the record describing any particular described and known physical injury to the plaintiff.

A third doctor who testified on behalf of the defendants gave it as his opinion that the disability amounted to from 5 percent to 10 percent. In the light of this evidence and testimony of the plaintiff that before the accident she could in her employment handle packages of 50 pounds in weight, but that after returning to work she could not handle such packages, the workmen's compensation court found that her permanent partial disability was 10 percent. No other element of disability was supported by evidence. The award and judgment for temporary total disability was for $37 a week for 53 2/7 weeks and the award and judgment for permanent partial disability was $5.33 a week for 246 5/7 weeks. The plaintiff claims the period for temporary total disability should be increased to 71 4/7 weeks and that the weekly rate for permanent partial disability should be increased to $13.34 or 66⅔ percent of $20, which $20 amount was the amount her rate of pay was reduced in her employment after the accident below the payment received before the injury.

In a workmen's compensation case disability is determinable by a consideration of employability and earning capacity. Pavel v. Hughes Brothers, Inc., 167 Neb. 727, 94 N. W. 2d 492; Miller v. Peterson, 165 Neb. 344, 85 N. W. 2d 700; § 48-121, R. S. Supp., 1963. In this case there is an absence of evidence in the field of employability from April 18, 1961, until plaintiff was employed by Corks and Cans February 18, 1963.

In the light of the absence of evidence covering this period as to employability, it may not well be said that the plaintiff is entitled to recover in the area anything in excess of what was awarded and for which judgment was rendered.

These disputed questions were resolved in favor of the defendants and from examination of the record it may

not well be said that any error unfavorable to the plaintiff was involved.

In addition to these portions of the claim of plaintiff, she claimed the right to recover for numerous other items the details of which are not required herein but they are all referred to in the transcripts and the award of the workmen's compensation court. That court had a hearing thereon and refused allowance of many of them and made its findings and adjudication thereon, all of which appears in the award from which appeal was taken to the district court. It is this group of items, together with the two which have already been considered herein, which were disallowed and this disallowance was affirmed by the district court. As to other allowances which were made in favor of the plaintiff there is no dispute.

At no point in the proceedings, in either the workmen's compensation court or the district court, did the plaintiff offer competent evidence of probative value on the items of costs to her which she testified were obligations of the defendants in these areas. It is true that there was hearsay evidence and conclusions given by witnesses in the bill of exceptions, properly objected to, and the pleadings denied any duty or legal obligation on the part of the defendants to make payment therefor.

The burden of proof was on the plaintiff to prove that these items of claim were compensable under the Workmen's Compensation Act in this action, the consideration of which must be de novo in this court.

On the question of the burden of proof this court has said: "The rule of liberal construction of the Workmen's Compensation Act applies to the law, not to the evidence offered to support a claim by virtue of the law. The rule does not dispense with the necessity that claimant prove his right to compensation within the rules above set out, nor does it permit a court to award compensation where the requisite proof is lacking." Dietz v. State, 157 Neb. 324, 59 N. W. 2d 587. See, also, Hass-

mann v. City of Bloomfield, 146 Neb. 608, 20 N. W. 2d 592; Beam v. Goodyear Tire & Rubber Co., 152 Neb. 663, 42 N. W. 2d 293.

The procedure which was applicable in this case was that on the rehearing in the compensation court a de novo consideration was required. § 48-179, R. R. S. 1943. On appeal to the district court the filing of a petition and a transcript of the proceedings before the compensation court together with a bill of exceptions was required, after which the district court was required to examine the record coming to it from the compensation court and render its judgment. §§ 48-181, 48-182, and 48-184, R. R. S. 1943. On appeal to this court a consideration de novo was required on the record which came from the district court. § 48-185, R. R. S. 1943.

The effect of the findings and judgment of the workmen's compensation court and of the district court was to say that there was a total lack of competent evidence of probative value to amount to a prima facie showing that these disputed items or any of them were recoverable in this action by the plaintiff from the defendants.

A review of the record de novo by this court leads to the same conclusion in this respect. The judgment of the district court is therefore affirmed.

AFFIRMED.