HAZEL CHRISMAN, APPELLEE, v. FARMERS COOPERATIVE ASSOCIATION OF BRADSHAW, NEBRASKA, APPELLANT.

140 N. W. 2d 809

Filed March 11, 1966. No. 36152.

John E. Dougherty, for appellant.

Gordon B. Fillman, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

CARTER, J.

The plaintiff, Hazel Chrisman, brought this action against the Farmers Cooperative Association of Bradshaw, Nebraska, to recover benefits resulting from the death of her husband, John W. Chrisman, alleged to be due under the Workmen's Compensation Act. After a hearing before a single judge of the compensation court, an award of benefits was denied. On appeal to the district court for York County the district court granted compensation benefits to the plaintiff. The defendant has appealed to this court for a review of that decision.

The evidence shows that on September 10, 1962, the date of the accident, John W. Chrisman was employed by the defendant as manager of its oil and gas service station in Bradshaw. He received a monthly salary of $350 per month and an annual bonus, the amount of which is not material. He was assigned regular hours from 7 a.m. to 11:30 a.m. and from 12:30 p.m. to 6 p.m. He had a regular helper who was on duty during deceased's lunch hour and the deceased likewise was on duty during the helper's lunch hour. The work was that which was usually performed in such service stations. The office was in one end of the building. In the other end was a hydraulic lift used for the oiling and greasing of automobiles. Between them was an area used for washing cars, the changing and repairing of tires, and the making of minor repairs on automobiles.

On the day of the accident the deceased went home for lunch at his usual hour of 11:30 a.m. On leaving home just before 12:30 p.m., he told his wife he was going to take the family car, a 1958 Ford, to the service station; that the generator needed some work to be done on it. At about 1:15 p.m., the deceased was found dead on a creeper under his automobile in the middle area of the station. It was evident that he had jacked up the car,

rolled under it on the creeper to work on the car, the car had slipped off the jack which was found nearby, and the car had crushed him, causing his death.

The evidence shows that the Farmers Cooperative operated a grain elevator at another location in Bradshaw. One R. G. Hewitt was the general manager of both the elevator and the oil station. The deceased managed the oil station under the general supervision of Hewitt. Hewitt testified that employees were permitted with his full knowledge to make adjustments and minor repairs on their personal cars during their spare time at the service station. Donald Kamtz, a part-time bookkeeper and helper, corroborated this statement.

There is evidence that employees sometimes used their own automobiles in the company's business when transportation provided by the defendant was not available. We gather from the evidence that minor use of employees' cars was not paid for, but for distance driving the board of directors of the defendant paid mileage for such use.

The general rule is that injuries sustained in repairing a personal automobile, where there is no contractual obligation for its use, does not arise out of and in the course of the employment except when such repairs are made while the automobile is actually being used in the service of the employer. The defendant contends that deceased's automobile was not being used in the service of the employer at the time of the accident and that it does not fall within the stated exception. This is undoubtedly true. The contention that recovery can be justified on the ground that it was beneficial to the employer for deceased to have his automobile in good repair for possible use in the employer's service under the circumstances here shown cannot be sustained.

We have said, however, that whether or not an accident arises out of and in the course of the employment must be determined by the facts and circumstances of each case. Seger v. Keating Implement Co., 157 Neb.

560, 60 N. W. 2d 598. The facts and circumstances in this case show the following: The deceased was on duty at defendant's place of business during the assigned hours of his employment. One of his duties was to make adjustments and minor repairs on customers' automobiles. He was engaged in repairing his personal automobile on company time with the permission of the employer. The effect of the permission was to allow him to do for himself without charge what he did for customers for compensation to the defendant. The inference is clear that the permission to employees for making minor repairs on their own cars at the service station was an accommodation by the defendant for accommodations accorded by employees to the defendant. It appears to us that the comity thus shown makes the adjustment and minor repairs of automobiles of employees an incident of the employment. The deceased was doing on the defendant's time what he was permitted to do, he was violating no instructions, and he was engaged in doing permitted work which the defendant felt was in the best interest of the employer-employee relation.

In order to recover under the Workmen's Compensation Act, the plaintiff must prove that the death or disability of the workman was the result of an accident arising out of and in the course of the employment.

In determining whether or not a risk arises out of the employment, the test to be applied to any act or conduct of an employee which does not constitute a direct performance of his work is whether or not it is reasonably incident thereto, or if it is so substantial a deviation as to constitute a break in the employment which creates a formidable independent hazard. Oline v. Nebraska Natural Gas Co., 177 Neb. 851, 131 N. W. 2d 410.

In Uzendoski v. City of Fullerton, 177 Neb. 779, 131 N. W. 2d 193, a case similar in principle, this court said: "It is argued by the defendant that plaintiff's assigned duties did not require him to be on the springboard and that he was not at the station where he was assigned,

and was therefore outside the employment. On the other hand he was on the premises where he was required to be. He was permitted to use the pool while on duty and was not violating any rule or instruction of the employer. He was not, however, performing the precise work of his employment at the time of the accident. The act of diving into the pool was reasonably incident to the employment in that it was a matter of personal convenience immediately connected with his work. The case is similar in principle to Appleby v. Great Western Sugar Co., Inc., *supra*, and is controlled by that case wherein it is said: 'The term arising out of the employment in the Workmen's Compensation Act covers all risks of accident from causative acts done or occurring within the scope or sphere of the employment. All acts reasonably necessary or incident to the performance of the work, including such matters of personal convenience and comfort, not in conflict with specific instructions, as an employee may normally be expected to indulge in, under the conditions of his work, are regarded as being within the scope or sphere of the employment.' We think, under all the circumstances shown, that plaintiff was on the springboard for a purpose that was reasonably incidental to his work, and that the accident arose out of his employment." See, also, Appleby v. Great Western Sugar Co., Inc., 176 Neb. 102, 125 N. W. 2d 103; Speas v. Boone County, 119 Neb. 58, 227 N. W. 87.

Defendant insists that there can be no recovery because deceased was repairing his own car when the accident occurred. Ordinarily, when an employee leaves the service of the employer to perform work of his own, he will be held to have deviated from his employment. But the work of deceased was so interwoven with that of the employer, particularly with the permission given to perform it on the employer's time at the employer's place of business, that, after a consideration of all the evidence and circumstances, we conclude that it was inci-

dental to the employment and within the scope of the Workmen's Compensation Act.

The facts are not in dispute. The question is solely whether or not the factual situation placed the deceased within the scope of the Workmen's Compensation Act. We have many times said that a liberal construction of the law should be given to it to accomplish its beneficent purposes. Oline v. Nebraska Natural Gas Co., *supra;* Spangler v. Terry Carpenter, Inc., 177 Neb. 740, 131 N. W. 2d 159.

Since the trial court came to this same conclusion, its judgment must be affirmed. An attorney's fee of $500 is allowed to plaintiff for services rendered by her attorney in this court.

AFFIRMED.