OTTO KASTANEK, APPELLEE, V. IOLA WILDING, DOING BUSINESS AS CRETE BUICK-PONTIAC COMPANY, CRETE, NEBRASKA, APPELLANT.

148 N. W. 2d 201

Filed February 3, 1967. No. 36397.

Kier, Cobb & Luedtke and Frederick L. Swartz, for appellant.

Jack L. Craven, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and WEAVER, District Judge.

CARTER, J.

This is an action by Otto Kastanek for the recovery of benefits under the Nebraska Workmen's Compensation Act. The trial court found for the plaintiff and defendant has appealed.

Plaintiff was employed by Iola Wilding, who operates a garage in Crete, Nebraska, under the name of Crete Buick-Pontiac Company. On January 18, 1964, the date of the alleged accident, plaintiff was employed by the defendant as a garage mechanic at a salary of $100 per week. The claim was filed with the Nebraska Workmen's Compensation Court and was denied by a single judge of that court. A hearing before the full court was waived and an appeal taken to the district court. A trial de novo was had in the district court after which an award was made to the plaintiff from which this appeal was taken to this court.

On the morning of January 18, 1964, plaintiff was engaged in installing a crankshaft in a Pontiac automobile assisted by Steve Pomajzl, a fellow employee. Pomajzl was holding the flywheel underneath while plaintiff was using a torque wrench to tighten the pulley to a pull of 150 pounds. In so doing, he leaned over the fender and pulled on the wrench to achieve the desired result. When he straightened up, and not before, he felt a sharp pain in his lower back which subsided almost immediately. He said nothing at the time to Pomajzl or anyone else. He was not working in the afternoon, the day being Saturday, and he drove out in the country to visit his brother. When he later attempted to arise from a chair in his brother's home, he again felt a sharp pain which continued to such an extent that he went home and went to bed. He remained in bed the next day, a Sunday, and on Monday morning notified Iola Wilding that he was unable to come to work. He told Iola Wilding at that time that he was unable to get around and that it happened from the torquing of the pulley on the previous Saturday morning.

On Monday morning he went to the office of Dr. Robert E. Quick. Dr. Quick testified that his notes indicated no history of an accident but he had a personal recollection of a conversation about torquing a pulley while plaintiff was working. Dr. Quick diagnosed the case as a sprain, as he said they usually are, or a disc disease or slipped disc. He took X-rays and prescribed rest, muscle relaxants, and ultrasonic treatments. There being little improvement during the following week, he advised hospital care. On January 27, 1964, plaintiff entered the Veterans Hospital at Lincoln, Nebraska, where he remained for 25 days before being discharged. The Veterans Hospital records show the following: Plaintiff complained of low back pain, the duration of which had been about 1 week before admission. The record then stated: "There was no history of injury but the Saturday before admission the patient, while doing nothing, noticed onset of low back pain which grew worse by Sunday." He was placed in traction, given physiotherapy, heat, massage, and analgesia muscle relaxants. He wore a brace when up and around, and was wearing a brace at the time of trial.

On April 28, 1964, he gave a statement to an insurance representative. In describing the accident in the statement, he said: "Mr. Steve Pomajzl was assisting me by holding the fly wheel. I did not experience any pain at the time." On cross-examination he was asked if he made the quoted statement as follows: "Q 'I did not experience any pain at the time,' did you tell him that? A Yes. Q And was that the truth? A Yes."

Dr. Quick was the only physician who testified. He stated that he diagnosed the case as showing a limitation of the range and motion of the back, a muscle spasm of the lumbar vertebrae, tenderness over the right lower portion of the back, and abnormal modularity of the subcutaneous tissue, which could be caused by wrenching. A signed statement by Dr. Quick in the Veterans Hospital records shows his diagnosis as follows: "1.

Sacro-iliac and lumbar strain 2. possible early herniated nucleus pulposis, without radiation."

The evidence shows that at the hearing before the Workmen's Compensation Court on March 15, 1965, the plaintiff testified that he gave no history of an injury while at work and stated that nothing happened to him—that it just came on. He gave a signed statement to an insurance representative in which he stated that he did not experience pain at the time he was torquing the pulley with the help of Pomajzl. He states that he gave a history of his ailment when he entered the Veterans Hospital. The records of the hospital show no history of the injury other than that the pain came on the Saturday previous while he was doing nothing. He does not deny the truth of the latter statement. On cross-examination, he states that his evidence in the Workmen's Compensation Court and his written statement given to the insurance representative are true.

Plaintiff's evidence in the district court is that he felt a sharp pain for a couple of seconds when, and not before, he straightened up after torquing the pulley. He told no one and he admittedly manifested no evidence of injury. The evidence of the only physician who testified is that the condition described could have been caused by a wrenching of the back. Such evidence, impeached as shown, is not sufficient to sustain the burden of proof that he suffered an accident arising out of and in the course of his employment. See Carranza v. Payne-Larson Furniture Co., 165 Neb. 352, 85 N. W. 2d 694.

"On the question of the burden of proof this court has said: 'The rule of liberal construction of the Workmen's Compensation Act applies to the law, not to the evidence offered to support a claim by virtue of the law. The rule does not dispense with the necessity that claimant prove his right to compensation within the rules above set out, nor does it permit a court to award compensation where the requisite proof is lacking.' " Spangler v. Terry Carpenter, Inc., 177 Neb. 740, 131 N.

W. 2d 159. See, also, Klentz v. Transamerican Freightlines, Inc., 173 Neb. 53, 112 N. W. 2d 405.

It is the contention of the plaintiff that the evidence of Dr. Quick is sufficient corroboration of the plaintiff to sustain the burden of proof irrespective of plaintiff's admissions of inconsistent statements heretofore recited. It is the position of plaintiff that the testimony of Dr. Quick shows a causal connection between the injury and the torquing of the pulley. The effect of Dr. Quick's testimony is that his condition could have been caused by a wrenching of the back. Dr. Quick did not say, nor give it as his opinion, that the torquing of the pulley caused the back condition that he found existed. It is a well-known fact that such conditions, including the herniation of discs, have many causes with and without trauma. Consequently a mere statement that a wrenching of the back could have caused the injury does not of itself establish causation. McCauley v. Harris, 164 Neb. 216, 82 N. W. 2d 30.

The evidence, coupled with the history and circumstances of the case, convinces us that the plaintiff failed to show by a preponderance of the evidence that the injury to the plaintiff arose out of and in the course of his employment. The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.