COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

TARIF SHABAZZ ALLAH

v.   Record No. 0929-95-2                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
ROCKINGHAM CONSTRUCTION COMPANY              SEPTEMBER 19, 1995
AND
ARGONAUT MIDWEST INSURANCE COMPANY

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Tarif Shabazz Allah, pro se, on brief).

               (Alan D. Sundburg; Friedlander, Misler, Friedlander,
               Sloan & Herz, on brief), for appellees.


     Tarif Shabazz Allah ("claimant") contends that the Workers'

Compensation Commission erred in finding (1) that he was not

entitled to an award of temporary total disability benefits from

April 15, 1993 through August 5, 1994; (2) that he unjustifiably

refused selective employment offered to him by Rockingham

Construction Company ("employer"); and (3) that employer was not

responsible for the cost of treatment rendered to claimant at the

Medical College of Virginia ("MCV").  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

                            I. and II.

     In denying claimant's application, the commission adopted

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

and affirmed the deputy commissioner's findings of fact and conclusions of law. In holding that claimant did not prove the total disability he claimed, the deputy commissioner found as follows:

> We agree with the defendants that the period claimed from April 15, 1993 through November 9, 1993 was adjudicated in the December 7, 1993 Opinion as at the November 9, 1993 hearing [claimant] claimed continuing total incapacity from July 13, 1992. Accordingly, the finding of no disability from April 15, 1993 up to the time of the hearing is res judicata. Moreover, pursuant to Rule 1.2 B, additional benefits may not be awarded more than ninety days before the filing of a change in condition application. As a result, benefits are not awardable earlier than mid-June 1994. However, thereafter the claimant was clearly capable of light duty and thus was under an obligation to make a reasonable effort to market his residual capacity in order to receive compensation for total work incapacity . . . . However, the claimant made no such effort and no effort to accept previously offered employment with the defendant employer. As a result, he has not proven the total disability claimed.

At the November 9, 1993 hearing, claimant sought temporary total disability benefits from January 13, 1992, the date of accident, and continuing. In the December 7, 1993 opinion, the deputy commissioner ruled that claimant was released to light duty employment as of November 12, 1992. Because claimant had refused employer's offer of selective employment and had not made any effort to secure suitable employment on his own, the deputy commissioner ruled that claimant was not entitled to temporary total disability after November 12, 1992. This ruling was not

2

properly appealed to the full commission.  Therefore, it became final as to these parties.

> Res judicata . . . precludes relitigation of a claim or issue once a final determination on the merits has been reached by a court of competent jurisdiction . . . .  In short, once a matter or issue has been adjudicated, it may be relied upon as conclusive between the parties, or their privies, in any subsequent suit.

Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989).

In his September 16, 1994 application, which is the subject of this appeal, claimant sought temporary total disability benefits for the same period of time previously litigated and determined as to these parties in the December 7, 1993 opinion. Accordingly, the commission did not err in finding that res judicata barred claimant from receiving an award of temporary total disability benefits from April 15, 1993 through November 9, 1993.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (citation omitted).  Unless

3

claimant's evidence sustained his burden of proving total disability as a matter of law, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission's finding that temporary total disability benefits were not awardable before mid-June 1994 is supported by Rule 1.2 B of the Rules of the Virginia Workers' Compensation Commission.  Moreover, its finding that claimant was not entitled to an award of benefits from mid-June 1994 through August 5, 1994 is supported by Dr. Donald L. MacNay's opinions and claimant's testimony.  On November 12, 1992, Dr. MacNay released claimant to light to moderate duty work.  Dr. MacNay reiterated this opinion in June 1994.  Claimant admitted that his physical condition had not changed since the last hearing on November 9, 1993, that he had not sought further work from employer, and that he had not sought work on his own (aside from submitting one job application on October 25, 1994).  Based upon this evidence, we cannot say as a matter of law that claimant met his burden of proving a compensable change in condition.

Accordingly, the commission did not err in denying claimant's application seeking an award of temporary total disability benefits from April 15, 1993 through August 5, 1994.

### III.

It was undisputed that claimant chose Dr. MacNay as his treating physician, and that he did not seek a referral from Dr.

4

MacNay, employer, insurer, or the commission when he relocated to Richmond and began seeking treatment at MCV. In 1993, claimant sought treatment at the MCV emergency department and from Dr. James B. Wade at MCV. In 1994, claimant continued to seek treatment from Dr. MacNay while also seeking treatment from Dr. James B. Carr at MCV. Based upon this evidence, the commission did not err in finding that the treatment rendered to claimant at MCV was unauthorized.

"Without a referral from an authorized treating physician, Code § 65.2-603(C) provides for treatment by an unauthorized physician in an 'emergency' or 'for other good reason.'" Shenandoah Products, Inc. v. Whitlock, 15 Va. App. 207, 212, 421 S.E.2d 483, 485 (1992).

> [I]f the employee, without authorization but in good faith, obtains medical treatment different from that provided by the employer, and it is determined that the treatment provided by the employer was inadequate treatment for the employee's condition and the unauthorized treatment received by the claimant was medically reasonable and necessary treatment, the employer should be responsible, notwithstanding the lack of prior approval by the employer.

Id. at 212, 421 S.E.2d at 486. Claimant did not present evidence to prove that he sought unauthorized treatment from MCV in good faith, that the treating physician, Dr. MacNay, rendered inadequate treatment, or that the unauthorized treatment received by claimant was medically reasonable or necessary. Therefore, we cannot say as a matter of law that the commission erred in

5

concluding that employer was not responsible for the cost of the unauthorized treatment rendered at MCV.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>