COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Fitzpatrick

THE TOWN OF TAPPAHANNOCK MAINTENANCE DEPARTMENT
 AND FIDELITY & CASUALTY INSURANCE COMPANY

v.   Record No. 2240-96-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
DALL REYNOLDS                                    MARCH 4, 1997

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Kathryn Spruill Lingle; Midkiff & Hiner, on
                brief), for appellants.

                (Robert L. Flax; Flax, Embrey & Stout, on
                brief), for appellee.


     The Town of Tappahannock Maintenance Department and its

insurer (hereinafter collectively referred to as "employer")

contend that the Workers' Compensation Commission (commission)

erred in finding that (1) Dall Reynolds (claimant) proved he

sustained an injury by accident arising out of and in the course

of his employment on April 5, 1994; and (2) claimant proved that

he made a good faith effort to market his residual work capacity

after August 18, 1994.  Pursuant to Rule 5A:21(b), claimant

raises the additional question of whether the commission erred in

finding that employer is not responsible for unauthorized medical

treatment rendered by Drs. Robert W. Poole and Michael J. Decker

and The Riverside Hospital emergency room.  Upon reviewing the

record and the briefs of the parties, we conclude that this

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant testified that on April 5, 1994, he and a coworker lifted a fifty-five gallon barrel full of wet grass clippings and dumped the clippings into a truck.  Five to ten minutes later, while riding in the truck, claimant felt a sharp pain in his back.  The pain continued the remainder of his shift.  Claimant reported the incident to his supervisor, James Hill, on the day it occurred.  The Employer's First Report of Accident indicated that claimant hurt his back on April 5, 1994 while lifting a trash can.

In holding that claimant met his burden of proof, the commission found as follows:

> The employer argues that the claimant did not credibly describe an injury by accident on April 5, because his interrogatories identify April 8 as the date of the accident, the emergency room record reflects pain since April 7, and the claimant was unsure in his testimony of the date.  The employer also argues that the pain was five to ten minutes after the lifting incident and therefore cannot be linked to the lifting.  It is well-established that in order to prove a compensable injury by accident it is not necessary that the pain be contemporaneous with the incident.  A valid claim will not be denied because of confusion about the date of the incident.  We agree with the Deputy Commissioner that the claimant credibly

2

described an injury by accident which occurred when he lifted a heavy barrel of grass cuttings.  Although the initial emergency room records do not identify such an incident, other medical reports generally corroborate this testimony.

"In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  Claimant's undisputed testimony provides credible evidence to support the commission's finding.  Thus, that finding is conclusive on this appeal.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In rendering its decision, the commission considered the medical histories, claimant's interrogatory answers, and claimant's testimony and resolved any conflicts in this evidence in favor of claimant.  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Id.

3

II.

In order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987). "What constitutes a reasonable marketing effort depends upon the facts and circumstances of each case." The Greif Companies v. Sipe, 16 Va. App. 709, 715, 434 S.E.2d 314, 318 (1993). We have discussed factors which the commission should consider in deciding whether a claimant has made reasonable good faith efforts to market his remaining capacity:

> (1) the nature and extent of employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting employee's capacity to find suitable employment.

National Linen Serv. v. McGuinn, 8 Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted). In reviewing the commission's findings, "we view the evidence in the light most favorable to . . . the prevailing party before the commission." Id. at 270, 380 S.E.2d at 33.

In awarding temporary total disability benefits to claimant, the commission found that claimant marketed his residual work capacity. In so ruling, the commission found as follows:

> We find that under the circumstances of this case, the claimant was not able to

4

engage in an extensive marketing effort. He has experience with only manual labor and truck driving, neither of which are feasible pursuits because of his back pain and medications. His illiteracy prevents him from obtaining a substantial number of light duty employments. Because the employer denied the claim, the claimant had no money to fund his job search to more populated communities, nor did he have any vocational rehabilitation assistance. Given the claimant's limitations and the paucity of employment possibilities in his community, we find that the claimant's minimal efforts are sufficient and he is entitled to benefits during his period of disability.

The commission considered the factors we set forth in National Linen and its findings are amply supported by claimant's testimony and the medical records. Accordingly, those findings are conclusive upon us on appeal.

III.

"Without a referral from an authorized treating physician, Code § 65.2-603(C) provides for treatment by an unauthorized physician in an 'emergency' or 'for other good reason.'" Shenandoah Products, Inc. v. Whitlock, 15 Va. App. 207, 212, 421 S.E.2d 483, 485 (1992).

[I]f the employee, without authorization but in good faith, obtains medical treatment different from that provided by the employer, and it is determined that the treatment provided by the employer was inadequate treatment for the employee's condition and the unauthorized treatment received by the claimant was medically reasonable and necessary treatment, the employer should be responsible, notwithstanding the lack of prior approval by the employer.

Id. at 212, 421 S.E.2d at 486.

5

Contrary to claimant's assertions, no evidence in the record established that Drs. Robert E. Briggs or Glenn J. Spiegler, the authorized treating physicians, refused to treat claimant or that their treatment was ineffective. Accordingly, we cannot find that the commission erred in refusing to hold employer responsible for the cost of unauthorized medical treatment rendered by Drs. Poole and Decker and the Riverside Hospital emergency room.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>