DONALD HALBERT, APPELLANT, V. UNITED STATES FIDELITY & GUARANTY COMPANY ET AL., APPELLEES.

178 N. W. 2d 781

Filed July 17, 1970. No. 37476.

Munro, Parker, Munro & Grossart, for appellant.

H. L. Blackledge, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The plaintiff, Donald Halbert, appeals from a disability judgment and award in a workmen's compensation case from the district court for Buffalo County, Nebraska. He was injured by an electrical short in the equipment he was operating while an employee of the defendant, Anderson Brothers Plumbing and Heating Company, Inc., on July 15, 1966. The accident caused him to fall 12 feet to a concrete floor, landing on his heels.

The plaintiff received temporary total disability benefits from the defendant from the time of the accident until March 24, 1967. The Workmen's Compensation Court found that the plaintiff was temporarily totally disabled for 67 5/7 weeks, from the time of the accident to November 1, 1967. It then found that this temporary disability was followed by 15 percent permanent partial disability to the left leg for 32¼ weeks. Disallowed, and now in issue, were medical and travel expenses incurred for surgery on plaintiff's left leg and a claim of 5 percent permanent partial disability to plaintiff's right foot. In the district court the permanent partial disability to the left leg was increased to 20 percent for 43 weeks. The expenses connected with surgery and a claim of 5 percent permanent partial disability to the

right foot were disallowed. On trial de novo in this court we affirm the disability award to the plaintiff and direct that the judgment be modified to allow recovery for all expenses connected with the surgery on the left foot.

The plaintiff underwent surgery on his left foot, following the advice of Dr. Getscher, his treatment doctor. Dr. Getscher testified by deposition that surgery was necessary to relieve the pain and swelling in plaintiff's left foot and ankle and to enable him to walk with less of a handicap. The employer's medical expert, Dr. Yost, a qualified orthopedist, testified that he did not believe surgery would be particularly helpful to the left foot and recommended only an exercise program. He further testified that surgery might increase the pain in the left foot.

It is now asserted, in this court on trial de novo, that the prospective improvement would be conjectural and that the employer's liability for expenses ceased because of the conflicting medical testimony and the fact that the operation was unsuccessful. We are called upon again to construe section 48-120, R. R. S. 1943. The rule followed by this court is: "Where the evidence discloses that further medical, hospital and surgical services would not *definitely* improve the condition of an injured employee, and where such improvement would be *conjectural,* the employer's liability * * * to furnish reasonable medical and hospital services and medicines, as and when needed, ceases." (Emphasis supplied.) Wilson v. Brown-McDonald Co., 134 Neb. 211, 278 N. W. 254, 116 A. L. R. 702. See, also, Paulson v. Martin-Nebraska Co., 147 Neb. 1012, 26 N. W. 2d 11; Peek v. Ayres Auto Supply, 155 Neb. 233, 57 N. W. 2d 387.

We adhere to this rule that an employer should not be liable for either a panicky or merely hopeful surgical expedition into the possibilities of complete recovery when the medical evidence preponderates to show that such expenses are not reasonably warranted. However,

as we evaluate this testimony de novo, we do not feel that the plaintiff should be penalized for following the advice of his doctor under the particular circumstances of this case. Although the operation was unsuccessful it appears that it was grounded upon a reasonable belief that improvement would result in the continuous pain and disability that the plaintiff had in his left foot. We observe further that the district court did increase the disability allowance for the left foot because of the additional pain and suffering that the plaintiff had as a result of the unsuccessful operation. For these reasons we modify the judgment of the district court and direct that the plaintiff be allowed the expenses of this operation.

The other issue in this case is whether the plaintiff has suffered bimember disability, that is, whether the plaintiff has proved by a preponderance of the evidence that his injuries also resulted in a 5 percent permanent partial disability to the right foot. The deposition of plaintiff's doctor disclosed that during four examinations either no reference was made to the right foot or else it was also stated that the right foot had completely healed with no likelihood for further difficulty. Dr. Getscher's notes of April 26, 1968, disclosed that there was a possible 5 percent disability in the right foot with no change being evident in the right foot in the next two examinations.

On August 14, 1967, 3 days following Dr. Getscher's original examination of the plaintiff, and more than 1 year after the accident, Dr. Getscher stated: "At the present time it's suffice to say that the man has a well-healed fracture in the right os calcis and should have no further difficulty. * * * he will not have a bi-member disability." On November 14, 1967, Dr. Getscher stated: "He states that he has no symptoms in the right foot at this time. * * * Physical examination at this time reveals a fairly good range of motion in the right ankle with no evidence of impingement of the malleoli. The

heel is narrow and there is good (blood) supply into the foot. * * * There is no evidence of tenderness about the ankle and he has good strength in all muscles of the right leg." X-ray examination revealed a healed fracture right os calcis.

Of course, in this case, the main issue is the disability to the left foot. In Dr. Getscher's evidence, there is no reference at all to any disability or injury to the right foot in his examination of April 5, 1968, or 3 weeks later on April 26, 1968. Then on June 7, 1968, and October 11, 1968, he stated that there were no changes in the right foot that were different than they were before. Referring to the examinations of August 11, 1967, and November 1, 1967, Dr. Getscher stated that there were no changes of significance in the right foot and that there *had been no surgery, no treatment, and no examination of the plaintiff's right extremity at any time since the original examinations of August 11, 1967, and November 1, 1967.* In this status of the record we agree with the judgment of the plaintiff's doctor on August 11, 1967, that the plaintiff will not have a bimember disability as the examination conclusively reveals that there has been no development in the right foot creating such a disability. We realize that there have been, as there always are in fractures, some anatomical changes. But, the plaintiff has failed to prove by a preponderance of the evidence any functional and compensable disability to the right foot thus permitting a bimember disability. The claim for a bimember disability is based upon conjecture and speculation. In a workmen's compensation case, the burden is on the plaintiff employee to prove his claim by a preponderance of the evidence, and the rule of liberal construction of the Workmen's Compensation Act does not apply to the evidence to support his claim. Spangler v. Terry Carpenter, Inc., 177 Neb. 740, 131 N. W. 2d 159.

We therefore modify the judgment of the Workmen's Compensation Court and the district court to allow for

the surgical and medical expenses of Dr. Getscher's operation on the left foot. The judgment of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.