In the Matter of the Compensation of
James G. Cannon, Claimant.

LINN CARE CENTER et al,
*Petitioners,*

*v.*

CANNON,
*Respondent.*

(83-04539; CA A32964)

704 P2d 539

Jerald P. Keene, Portland, argued the cause for petitioners. On the brief were Craig A. Staples, and Roberts, Reinisch & Klor, P.C., Portland.

Patrick L. Hadlock, Corvallis, argued the cause for respondent. On the brief were S. David Eves, and Ringo, Walton, Eves & Stuber, P.C., Corvallis.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The issue in this Workers' Compensation case is whether the Board correctly determined that claimant's back surgery was reasonable and necessary. On *de novo* review, we affirm. We write only to address the insurer's contention concerning the application and effect of a Workers' Compensation Department administrative rule.

The surgery in question was elective, and the insurer sought application of OAR 436-69-501, which provides, in part:

"(3)   When elective major orthopedic or neurological surgery is recommended, the insurer may recommend an independent consultation with a physician of insurer's choice. The insurer shall notify the attending physician within 5 days if a consultation is desired. The consultation shall take place within 14 days of the attending surgeon being notified of the intent to obtain the consultation. * * *

"\* \* \* \* \*

"[4](b)   If the surgeon and the consultant disagree about the need for surgery, another opinion may be sought by the insurer from a consultant mutually agreeable to the surgeon and the initial consultant. * * *"

A mutually agreed on consultant, selected pursuant to subsection 4(b) of the rule, recommended against surgery. Claimant's request for surgery was denied by the insurer, and on June 9, 1983, a determination order was issued. In spite of the denial, claimant underwent surgery on July 19, 1983. The surgeon reported that the surgery was necessary due to claimant's constant pain. A hearing was held, and the referee stated that the provisions of the administrative rule are designed to ensure that surgery be performed only if it is reasonably supported by medical opinion. He found that, considering the administrative rule and pre-surgery medical opinions, the record did not support the compensability of the surgery. The Board reversed and concluded, on the basis of post-surgical findings of a back problem and claimant's testimony of improvement following surgery, that the surgery was reasonable and necessary.

Employer suggests that, when the provisions of OAR 436-69-501 have been invoked and the third medical opinion recommends against surgery, a claimant should not recover

for surgery performed simply because of post-surgical findings that it was beneficial. We disagree. Although based on the pre-surgery evidence, the insurer's refusal to authorize the surgery was reasonable, and the insurer was therefore not subject to a penalty, even though the post-surgery evidence supported a conclusion that the surgery was, in fact, needed. The fact that medical treatment is beneficial is an indication that the treatment was reasonable and necessary. Subsequent improvement is relevant and can and should be considered in determining the compensability of medical services. The Board properly considered claimant's post-surgical improvement in determining whether the treatment was reasonable and necessary.

Affirmed.