## Salem

SHENANDOAH PRODUCTS, INC., et al.

v.

BRENDA SUE WHITLOCK

No. 2108-91-3

Decided September 29, 1992

208

COUNSEL

Thomas G. Bell, Jr. (Timberlake, Smith, Thomas & Moses, on brief), for appellants.

A. Thomas Lane, Jr. (Abbott & Lane, on brief), for appellee.

OPINION

**MOON, J.**—Shenandoah Products, Inc. and its workers' compensation insurance carrier, Old Republic Insurance Company (collectively, "the employer"), appeal the Workers' Compensation Commission's award of medical payments to Brenda Sue Whitlock ("claimant"). Shenandoah Products contends that: (1) the commission erred in its ruling that Dr. Kenneth J. Murray is an authorized treating physician as provided by the Workers' Compensation Act; and (2) the commission erred in ruling that even if Dr. Murray is not an authorized treating physician, claimant may recover the expense of her surgery "because he provided some appreciable benefit and relief." We agree

with appellant that Dr. Murray was not an authorized treating physician. However, we uphold the award because the evidence supports a finding that the unauthorized treatment was medically reasonable and necessary to meet the requirements of an exception to Code § 65.1-88 (now Code § 65.2-603).

Brenda Sue Whitlock suffered a compensable lower back injury on March 2, 1987. Between April 1987, and February 1990, claimant was seen by Dr. Malone, Dr. Jane, Dr. Sagher, and Dr. Seith. Each doctor concluded that claimant's condition did not require surgery. In September 1989, Dr. Seith allowed claimant to return to her former position without restriction.

Claimant ultimately came under the care of Dr. Loh, Dr. Hereford, and Dr. Murray. Dr. Malone referred claimant to Dr. Loh, who began treating claimant in February 1990. After examining claimant and prescribing physical therapy, Dr. Loh allowed claimant to return to work without any stated restrictions on March 6, 1990. According to claimant, Dr. Loh's treatment ended in either late May or early June 1990.

Claimant and the employer agreed that Dr. Hereford would be the authorized treating physician after treatment by Dr. Loh concluded. Dr. Hereford began treating claimant on July 5, 1990. He ordered tests from a physical therapist and neurologist between July 5 and August 15. On August 15, after reviewing the test results, Dr. Hereford issued a functional capacities evaluation, which stated that claimant could return to work without restriction.

However, despite the agreement that Dr. Hereford would be her treating physician, on July 19, 1990, claimant returned to Dr. Loh. Dr. Loh, no longer the authorized treating physician, referred claimant to Dr. Murray for neurosurgical evaluation only. However, claimant did not contact Dr. Murray immediately. Before visiting Dr. Murray, claimant contacted her employer and requested the employer to authorize treatment by Dr. Murray. The employer refused the authorization, the parties having previously agreed that Dr. Hereford would be the authorized treating physician. Dr. Hereford also refused a request by claimant for a referral to Dr. Murray. Claimant did not seek approval from the commission, as was her prerogative. Code § 65.2-603(C).[1] Nevertheless, on August 13, claimant sought treatment by

---

[1] Code § 65.2-603. **Duty to furnish medical attention, etc., and vocational rehabilitation; effect of refusal of employee to accept.**—A. 1. As long as necessary after an accident, the

Dr. Murray even though neither the employer, Dr. Hereford nor the commission had authorized treatment by Dr. Murray. After examining claimant, Dr. Murray recommended surgery on August 17. The parties agree that the claimant was specifically advised by the employer on August 18 that they did not approve of the surgery and charges would be contested on the ground that Dr. Murray was not the authorized treating physician. On August 23, claimant permitted Dr. Murray to operate. Dr. Murray reported that the surgery revealed a large bulging disc at L5-S1 interspace which, Dr. Hereford, opined, was more pronounced than the earlier diagnostic studies had indicated.

The surgery rendered claimant totally disabled until January 17, 1991, after which time she was released to part-time light duty work. On April 1, 1991, claimant was allowed to return to work on a full-time basis, but was restricted to twenty pounds lifting and not more than four hours standing. Claimant initially reported substantial relief from pain but the pain subsequently returned.

The deputy commissioner found that because she benefitted from the surgery, the claimant was justified in seeking treatment from Dr. Murray and ordered the employer to pay for her full medical expenses. The full commission found not only that the employer was responsible for Dr. Murray's surgery and treatment because of its benefit to the claimant, but that Dr. Murray was claimant's authorized treating physician.

In *Breckenridge v. Marvel Poultry Co.*, 228 Va. 191, 194, 319 S.E.2d 769, 770-71 (1984), the court recognized and endorsed the commission's ruling that "once [the selection of a treating physician] is made the employee is not at liberty to change therefrom unless referred by said physician, confronted with an emergency, or given permission by the employer and/or its insurer or this Commission." *See also Jensen Press v. Ale*, 1 Va. App. 153, 159, 336 S.E.2d 522, 525

---

employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention. . . . The employee shall accept the attending physician, unless otherwise ordered by the Commission, and in addition, such surgical and hospital service and supplies as may be deemed necessary by the attending physician or the Commission.

* * *

C. If in an emergency or on account of the employer's failure to provide the medical care during the period herein specified, or for other good reasons, a physician other than provided by the employer is called to treat the injured employee, during such period, the reasonable cost of such service shall be paid by the employer if ordered so to do by the Commission.

(1985) (holding that the treating physician is to manage any necessary referrals).

Dr. Malone, Dr. Jane, Dr. Sagher, and Dr. Seith treated the claimant from the time of the injury until the time Dr. Malone transferred her to Dr. Loh as the authorized treating physician. Upon agreement between the claimant and the employer, Dr. Hereford replaced Dr. Loh as the authorized treating physician on July 5, 1990, and assumed direct treatment of claimant. Thus, Dr. Loh's referral on July 9, after Dr. Hereford assumed the position of authorized treating physician, did not constitute a referral from an authorized treating physician. This was made clear to claimant by the carrier when she requested permission to see Dr. Murray before the surgery.

Employer also argues that the commission erred in holding that "[e]ven if Dr. Murray was unauthorized, [claimant] may still recover for the expense . . . if she presents evidence which shows justification for her decision to ignore the insurance carrier's denial of surgery and to seek more aggressive care."

The commission's reliance upon *Davis v. Brown & Williamson Tobacco Co.*, 3 Va. App. 123, 348 S.E.2d 420 (1986), and *Dan River, Inc. v. Turner*, 3 Va. App. 592, 352 S.E.2d 18 (1987), is misplaced. These cases held that if a claimant, without the permission of the commission or employer, sought what the court found as "more aggressive medical help," he or she would not necessarily be refusing medical treatment so that disability benefits would be terminated pursuant to Code § 65.1-88 (now Code § 65.2-603(B)). The case at bar does not deal with the legal principle in *Davis* and *Dan River* of unreasonable refusal of medical treatment; this case involves paying medical bills to the authorized treating physicians, not suspension of benefits. Neither disability benefits nor suspension of benefits are at issue here, only entitlement to payment of medical expenses.

In *Volvo White Truck Corp. v. Hedge*, 1 Va App. 195, 199, 336 S.E.2d 903, 906 (1985), this Court ruled that the question of whether the employer would be responsible for medical expenses pursuant to Code § 65.1-88 depended upon:

(1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral to the patient.

*Id.* at 199, 336 S.E.2d at 906.

■ Without a referral from an authorized treating physician, Code § 65.2-603(C) provides for treatment by an unauthorized physician in an "emergency" or "for other good reason." Accordingly, we hold that, under Code § 65.1-88 (now Code § 65.2-603), Dr. Murray was not an authorized treating physician.

Claimant admits that treatment was not required due to an emergency, but argues that treatment should be authorized "for other good reasons." We construe the holding of the commission that the employer should bear the medical expense of the surgery to have been based on its finding that the claimant received an appreciable benefit from the surgery and the extent of her injury as determined during the operation was greater than determined by the authorized physician. We examined the facts of this case to determine if this treatment should be assessed against the employer under the "for other good reasons" exception. This case presents a question of first impression in Virginia. Authority from other states convinces us that recovery should be allowed. *See Odie v. Industrial Comm'n*, 88 Ill. 2d 514, 431 N.E.2d 374 (1982); *Linn Care Ctr. v. Cannon*, 74 Or. App. 707, 704 P.2d 539 (1985); *Bond v. American Air Filter*, 692 S.W.2d 638 (Tenn. 1985); *Caldwell v. Joseph W. Vestel & Son*, 237 Ark. 142, 371 S.W.2d 836 (1963); *Halbert v. United States Fidelity & Guar. Co.*, 185 Neb. 775, 178 N.W.2d 781, *modified*, 186 Neb. 23, 180 N.W.2d 879 (1970); *McCoy v. Industrial Accident Comm'r*, 64 Cal. 2d 82, 48 410 P.2d 362 Cal. Rptr. 858, (1966); *Kerr McGee Corp. v. Croley*, 508 P.2d 1066 (Okla. 1973).

■ We derive from that authority the proposition that if the employee, without authorization but in good faith, obtains medical treatment different from that provided by the employer, and it is determined that the treatment provided by the employer was inadequate treatment for the employee's condition and the unauthorized treatment received by the claimant was medically reasonable and necessary treatment, the employer should be responsible, notwithstanding the lack of prior approval by the employer. *See* 2 Arthur Larson *Workmen's Compensation Law* § 61.12(e) (1992). These legal principles which provide a basis for the payment of unauthorized medical treatment are part of the "other good reasons" test of Code § 65.2-603.

■ The legislature clearly intended that the employee should follow the course of treatment prescribed by the treating physician provided

by the employer until such time as that physician is properly changed. Reimbursement for unauthorized medical treatment should be the rare exception. Although the employer has no right to direct the course of treatment, the treating physician provided by the employer does. When an employee seeks treatment other than that provided by the employer or ordered by the commission, he or she does so at his or her own peril and risks not being reimbursed. The mere fact that the unauthorized medical treatment is an acceptable method of treating the condition does not mean that the treatment should be paid for by the employer. Only where the course of treatment provided by the employer is inadequate for the condition should the employer have to pay for a different course of treatment. Reasonable and necessary treatment does not mean merely an alternative form of treatment. The employee may avoid the risk of non-payment for medical care by obtaining approval from the commission for different treatment or a change of physicians. Code § 65.2-603(C). In evaluating whether unauthorized medical care should be paid by an employer, the commission must carefully evaluate whether the health care provider who is justifying his services has provided credible justification for the course of treatment.

The facts of this case support the commission's award. The claimant submitted to the treatment of Dr. Murray without obtaining approval of the employer, treating physician or the commission. She did, however, first seek the approval of her treating physician and the employer. These facts suggest that she acted in good faith. The record does not directly establish that the course of treatment being offered by the employer was inadequate; rather, the treatment offered by Dr. Murray was different and necessary. While the other physicians had failed to diagnose the severity of the bulging disc and continued to treat the condition conservatively, Dr. Murray treated the back condition with surgery. However, Dr. Murray reported finding a condition during surgery more severe than that being treated by the other physicians. There is no assertion that the condition Dr. Murray reported and which the commission found to exist did not require surgery or that the condition would have responded to the continued course of treatment offered by employer. Because there is evidence in the record to support the commission's finding that the treatment was necessary, the employer did not pursue the assignment of error alleging that the treatment was unnecessary.

Based upon the record, which supports a finding that the surgery was both medically reasonable and necessary, we hold that the evidence was sufficient to support the award of medical expenses.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.