COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


PANAGIOTIS G. HARAMIS

v.    Record No. 2489-94-1                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
G.T. PAINTING & CONSTRUCTION COMPANY, INC.    MAY 16, 1995
AND
PACIFIC EMPLOYERS INSURANCE COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION
            (John D. Konstantinou, on brief), for appellant.

            (Lisa Frisina Clement, on brief), for appellees.


     Panagiotis G. Haramis contends that the Workers'

Compensation Commission erred in finding that G.T. Painting &

Construction Company, Inc. and its insurer (hereinafter

collectively referred to as "employer") were not responsible for

the cost of medical expenses incurred by the claimant for

treatment from unauthorized physician Dr. Lawrence M. Shall and

for treatment rendered to the claimant upon referrals from Dr.

Shall.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The claimant conceded that Dr. Shall was an unauthorized physician, and that, in order for the employer to be held responsible for the cost of Dr. Shall's treatment or treatment rendered upon Dr. Shall's referrals, the claimant was required to show that the "other good reasons" exception contained in Code § 65.2-603(C) applied to his case. The commission notified the claimant that it had selected his application for an "on-the-record" determination.[1] The notice instructed the claimant that if he believed that an evidentiary hearing was necessary, he should request such a hearing within ten days. If, as the claimant now contends, there were substantial factual issues in dispute, he had the right to request an evidentiary hearing. However, the claimant did not exercise this right, but rather acquiesced to having his application decided through the on-the-record procedure. Therefore, we will not consider his argument on appeal that the commission erred in utilizing its on-the-record procedure to rule on his application.

"Without a referral from an authorized treating physician, Code § 65.2-603(C) provides for treatment by an unauthorized physician in an 'emergency' or 'for other good reason.'" Shenandoah Products, Inc. v. Whitlock, 15 Va. App. 207, 212, 421 S.E.2d 483, 485 (1992).

> [I]f the employee, without authorization but

---

[1]This Court has held that the commission's on-the-record procedure meets constitutional requirements of due process. See Williams v. Virginia Elec. & Power Co., 18 Va. App. 569, 578, 445 S.E.2d 693, 699 (1994).

in good faith, obtains medical treatment
different from that provided by the employer,
and it is determined that the treatment
provided by the employer was inadequate
treatment for the employee's condition and
the unauthorized treatment received by the
claimant was medically reasonable and
necessary treatment, the employer should be
responsible, notwithstanding the lack of
prior approval by the employer.

Id. at 212, 421 S.E 2d at 486.  The claimant did not present
evidence to prove that he sought unauthorized treatment in good
faith, that the treating physician, Dr. David Tornberg, rendered
inadequate treatment, or that the unauthorized treatment received
by the claimant was medically reasonable and necessary.
Therefore, we cannot say as a matter of law that the commission
erred in failing to apply the "other good reasons" exception
contained in Code § 65.2-603(C), or in concluding that the
employer was not responsible for the cost of the unauthorized
treatment.  "The mere fact that the unauthorized treatment is an
acceptable method of treating the condition does not mean that
the treatment should be paid for by the employer."  Shenandoah
Products, 15 Va. App. at 213, 421 S.E.2d at 486.

For the reasons stated, we affirm the commission's decision.

Affirmed.

3