COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


LYNCHBURG CITY SCHOOLS
AND
TRIGON ADMINISTRATORS                    MEMORANDUM OPINION[*]
                                             PER CURIAM
v.   Record No. 2498-95-3                APRIL 23, 1996

SNOWIE A. E. DALTON


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

            (Gregory P. Cochran; Caskie & Frost, on
            brief), for appellants.

            (Sherwood S. Day; Day & Current, on brief),
            for appellee.


     Lynchburg City Schools and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in holding employer responsible for

the cost of medical treatment rendered to Snowie A. E. Dalton by

Dr. Verna Lewis.  Specifically, employer argues that the

commission erred in finding that Dalton had "good reason" for

seeking medical treatment from Dr. Lewis.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On June 10, 1993, Dalton, a cafeteria worker, injured her

neck in the course of her employment.  Employer accepted Dalton's

───────────────
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claim as compensable and the commission entered an award.

Dalton initially came under the care of Dr. Edward Stoll, a general practitioner. Dr. Stoll treated Dalton conservatively, and, upon his retirement, referred her to Dr. William Sullivan. On July 2, 1993, Dalton began treating with Dr. Sullivan, who diagnosed a cervical thoracic strain and treated Dalton conservatively. On October 4, 1993, Dr. Sullivan released Dalton to return to her regular work. However, due to Dalton's persistent complaints of neck pain, Dr. Sullivan referred her to Dr. Joseph H. Wombwell, an orthopedist.

On October 14, 1993, Dr. Wombwell noted "some definite psychological factors," referred Dalton to a psychologist, and Dr. Wombwell released her to return to work. When Dr. Wombwell saw Dalton again on December 10, 1993, he offered her no specific treatment and told her to return on an as-needed basis. On May 13, 1994, Dr. Wombwell found minimal narrowing at the C5-6 level. He advised Dalton to do neck exercises, to return to work, and to return to him if her pain worsened.

On September 27, 1994, Dalton sought medical treatment from Dr. Lewis. Dalton took this action on the advice of her attorney, because her symptoms had continued without relief and without a known cause. Dr. Lewis ordered an MRI, which revealed "moderate diffuse disc bulge . . . at C5-6 level causing moderate anterior impression upon the thecal sac." Dr. Lewis prescribed medication and ordered physical therapy.

The full commission affirmed the deputy commissioner's finding that Dalton had "good reason" to seek medical care from Dr. Lewis. In so holding, the commission made the following findings:

> "[Dalton] complained of unremitting neck pain" to her authorized physicians. These doctors essentially concluded that [Dalton] had a resolved soft tissue injury and her remaining complaints were based on "psychological" factors and "secondary gain." The Deputy Commissioner concluded that "[Dalton] understandably sought treatment elsewhere" and "fortuitously underwent cervical MRI scanning" by Dr. Lewis, who detected a disc defect. Although Dr. Lewis is not treating [Dalton] surgically at this point, this avenue is now open to [Dalton] if symptoms continue unabated.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

"Without a referral from an authorized treating physician, Code § 65.2-603(C) provides for treatment by an unauthorized physician in an 'emergency' or 'for other good reason.'" Shenandoah Products, Inc. v. Whitlock, 15 Va. App. 207, 212, 421 S.E.2d 483, 485 (1992).

> [I]f the employee, without authorization but in good faith, obtains medical treatment different from that provided by the employer, and it is determined that the treatment provided by the employer was inadequate treatment for the employee's condition and the unauthorized treatment received by the claimant was medically reasonable and necessary treatment, the employer should be responsible, notwithstanding the lack of prior approval by the employer.

3

Id. at 212, 421 S.E 2d at 486.

Dalton's testimony and the medical records provide ample credible evidence to support the commission's factual findings. These findings support the commission's conclusion that Dalton acted in good faith when she sought treatment from Dr. Lewis, that the treatment provided by Dalton's authorized physicians was inadequate to diagnosis her condition, and that Dr. Lewis' treatment was medically reasonable and necessary. Despite Dalton's continuing cervical pain, none of her authorized physicians determined the cause of her condition or offered her the option of undergoing imaging studies.

We find that the commission did not err in holding employer responsible for the cost of Dr. Lewis' treatment. Therefore, we affirm the commission's decision.

Affirmed.

4