COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Overton
Argued at Salem, Virginia

WELLMORE COAL CORPORATION AND
 UNITED AFFILIATES CORPORATION

                                        MEMORANDUM OPINION* BY
v.        Record No. 1175-97-3          JUDGE NELSON T. OVERTON
                                           JANUARY 13, 1998
TOMMY M. WILLIAMSON

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         S.T. Mullins (Street, Street, Street, Scott &
         Bowman, on brief), for appellants.

         Gregory E. Camden (Rutter & Montagna, on
         brief), for appellee.


    Wellmore Coal Corporation and United Affiliates Corporation

(employer) appeal a ruling of the Virginia Workers' Compensation

Commission finding that Tommy Williamson (claimant) has suffered

a change in condition and, therefore, is entitled to a

reinstatement of benefits and payment of medical expenses.

Employer contends on appeal that there was insufficient evidence

to prove that claimant has suffered a change of condition

attributable to his industrial accident or that medical expenses

flowing from this change are the responsibly of employer.  In the

alternative, employer asks that we remand the case to the

commission for a finding of claimant's residual work capacity.

Because we find that there is sufficient evidence to support the

commission's decision, we affirm.

         *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, we recite only those facts necessary for disposition of this appeal.

"We will not disturb the factual determination of causation if credible evidence supports the finding, even if the record contains evidence to the contrary." Food Distributors v. Estate of Hall, 24 Va. App. 692, 704, 485 S.E.2d 155, 161 (1997) (citing Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989)).  When there is conflicting medical evidence, "the trier of fact is left free to adopt that view which is most consistent with reason and justice." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1985).  So viewed, the evidence firmly established that claimant suffered a change in his condition and the medical treatment received by him was causally related to this change.

The commission was faced with conflicting medical evidence on the issue of whether claimant's continued back pain was related to his industrial accident of October 5, 1993.  Reports from seven different doctors were contained in the record, most coming to widely disparate conclusions.  The commission chose to believe the report of Dr. Steven Poletti, claimant's last treating physician and the only one to have discovered the cause of claimant's pain.  It was Dr. Poletti's opinion that claimant suffered from "disk disruption and herniation" and that the

2

injury was at least two years old, dating back to the time of claimant's work injury. While other doctors disagreed, the commission specifically chose to adopt Dr. Poletti's opinion and discount the others. Because the opinion of a board certified orthopedist as to the cause and treatment of back pain constitutes sufficient evidence to support a finding of causation, we may not disturb it on appeal. See Code § 65.2-706(A).

Once we have determined that the treatment was medically necessary, the question becomes whether employer must pay for it. Under Code § 65.2-603(C) the commission may order an employer to pay for "a physician other than that provided by the employer" if there is an emergency, employer failed to provide a doctor or "for other good reasons." We stated in Shenandoah Products, Inc. v. Whitlock, 15 Va. App. 207, 213-14, 421 S.E.2d 483, 486 (1992), that the "other good reasons" exception is applicable if a claimant

> in good faith, obtains medical treatment
> different from that provided by the employer,
> and it is determined that the treatment
> provided by the employer was inadequate
> treatment for the employee's condition and
> the unauthorized treatment received by the
> claimant was medically reasonable and
> necessary treatment, the employer should be
> responsible.

Here, claimant's predicament is remarkably similar to that in Shenandoah. As we have previously stated, Dr. Poletti and his associate, Dr. Warren, were the first ones to diagnose and treat

3

claimant's condition.  None of employer's doctors had done so. Therefore, the treatment was both necessary and different from that provided by employer.  Further, claimant acted in good faith.  Dr. Nadar, claimant's previously unsuccessful treating physician, had recommended that claimant seek another doctor closer to his home in South Carolina.  There is nothing else in the record to indicate that claimant had any other ulterior motive to his change of physicians other than to seek effective treatment for his injury.  Under these circumstances, we cannot say that the commission was wrong when it found employer responsible for medical expenses under Code § 65.2-603(C).

Employer's final contention is that claimant failed to market his residual work capacity.  For an injured employee to receive benefits, he must make an effort to market his remaining capabilities.  See Virginia Wayside Furniture, Inc. v. Burnette, 17 Va. App. 74, 78, 435 S.E.2d 156, 159 (1993).  However, the record shows that the issue, while raised at the deputy commissioner's hearing, was not raised to the full commission and no evidence was presented on it by either party.  Accordingly, the commission did not err by not addressing the question.

Because we agree with the commission on the issue of employer liability, we affirm its decision.

Affirmed.