COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RALPH ALLEN FRYE

                                             MEMORANDUM OPINION*
v.   Record No. 0826-98-3                          PER CURIAM
                                              AUGUST 25, 1998
REYNOLDS METALS COMPANY AND
 INDEMNITY INSURANCE COMPANY
 OF NORTH AMERICA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Rhonda L. Overstreet; Lumsden, Overstreet &
                  Hansen, on brief), for appellant.

                  (Scott C. Ford; Joshua M. Wulf; Midkiff &
                  Hiner, on brief), for appellees.


        Ralph Allen Frye contends that the Workers' Compensation

Commission erred in finding that his employer, Reynolds Metals

Company, was not responsible for the cost of medical treatment

provided to Frye by Dr. Pierce Nelson, a neuropsychiatrist.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In

ruling that employer was not responsible for the cost of Dr.

Nelson's treatment, the commission found as follows:
            It is uncontradicted that [Frye] came under
            the care of Dr. Nelson as a result of a

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

referral from an attorney who was handling a Social Security matter. Dr. Nelson did not examine [Frye] in the context of the worker's compensation case. There is no evidence in the record that any treating physician has suggested, indicated, or otherwise referred [Frye] for any psychiatric treatment. With this evidence before us, we cannot find that the treatment by Dr. Nelson is authorized. It is well settled that an employer is not responsible for unauthorized treatment. This is particularly true in the current case where the treating physicians have failed to indicate the necessity of such treatment and [Frye] has failed to seek timely authorization from the carrier or the Commission.

These findings are amply supported by the record.

"Without a referral from an authorized treating physician, Code § 65.2-603(C) provides for treatment by an unauthorized physician in an 'emergency' or 'for other good reason.'" Shenandoah Prods., Inc. v. Whitlock, 15 Va. App. 207, 212, 421 S.E.2d 483, 485 (1992).

[I]f the employee, without authorization but in good faith, obtains medical treatment different from that provided by the employer, and it is determined that the treatment provided by the employer was inadequate treatment for the employee's condition and the unauthorized treatment received by the claimant was medically reasonable and necessary treatment, the employer should be responsible, notwithstanding the lack of prior approval by the employer.

Id. at 212, 421 S.E.2d at 486.

Frye did not present evidence to prove that he sought the unauthorized treatment from Dr. Nelson in good faith, that the treating physicians rendered inadequate treatment, or that the

unauthorized treatment was medically reasonable and necessary. As fact finder, the commission was entitled to accept the opinion of Dr. Jim Brasfield, an authorized treating physician, who discerned no evidence of psychiatric problems during his treatment of Frye. In addition, the commission was entitled to reject the contrary opinion of Dr. Nelson, who did not begin treating Frye until approximately two years after his industrial accident. See Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

Frye's argument that the commission was bound by dicta contained in a footnote to its January 11, 1996 review opinion is meritless. As the commission correctly determined, "[t]he issue of causal relationship between Dr. Nelson's treatment was not then before the Commission and has not previously been adjudicated."

Based upon this record, we cannot say as a matter of law that the commission erred in concluding that the employer was not responsible for the cost of Dr. Nelson's unauthorized treatment.

For the reasons stated, we affirm the commission's decision.

Affirmed.