COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ROBERT H. WOOD

v.   Record No. 2037-98-3

GENERAL ELECTRIC COMPANY AND
 ELECTRIC MUTUAL LIABILITY
 INSURANCE COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 2, 1999

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Robert H. Wood, pro se).

No brief for appellees.


     Robert H. Wood ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that Dr.

Charles Ashworth was not his authorized treating physician, and,

therefore, employer was not responsible for the cost of medical

treatment rendered by Dr. Ashworth and by Dr. William E. Frank,

upon referral from Dr. Ashworth.  Upon reviewing the record and

appellant's opening brief, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     In denying claimant's request that employer be held

responsible for the cost of medical treatment rendered to

claimant by Drs. Ashworth and Frank, the commission found as

follows:
          Although he was treated several times by
          the employer's plant physician, Dr. Robert J.

          [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

> Glenn, Mr. Wood notes that his employer did not give him a panel from which to choose an authorized physician. He reasons that because he was not given a panel he could choose Dr. Ahsworth [sic] to be his authorized physician.
> The fact that Mr. Wood was not given a panel did not give him the right to choose Dr. Ashworth as his treating physician. In 1987, the Commission held that Dr. Glenn became Mr. Wood's treating physician. Because of that opinion, Mr. Wood's treating physician was Dr. Glenn. Therefore, Dr. Ashworth's treatment and the referrals by him are not the employer's responsibility.

The commission's 1987 opinion held that Dr. Glenn was claimant's treating physician. That opinion was not appealed, and, therefore, became final. In general, absent a referral from Dr. Glenn, the authorized treating physician, claimant was not entitled to change treating physicians except by permission from the commission or the employer. See Shenandoah Prods., Inc. v. Whitlock, 15 Va. App. 207, 210, 421 S.E.2d 483, 485 (1992). No evidence showed that claimant sought permission from the commission or employer to seek medical treatment from Drs. Ashworth or Frank. Accordingly, because Dr. Ashworth was not an authorized treating physician, any referral of claimant by Dr. Ashworth to Dr. Frank would also have been unauthorized. Based upon this record, the commission did not err in refusing to hold employer responsible for the cost of medical treatment rendered to claimant by either Dr. Ashworth or Dr. Frank.[1]

---

[1] We note, as did the commission, that the documents submitted by claimant after the commission's decision did not qualify as after-discovered evidence, and, therefore, we did not consider them on appeal.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.