COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Petty and Huff
Argued at Richmond, Virginia

PUBLISHED

CUMBERLAND HOSPITAL AND
  ACE AMERICAN INSURANCE COMPANY

                                           OPINION BY
v.       Record No. 0282-19-2          JUDGE WILLIAM G. PETTY
                                       OCTOBER 22, 2019

ANGELA ROSS

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Joseph F. Giordano (Matthew J Sheptuck; Semmes, Bowen &
Semmes, on brief), for appellants.

Michael J. Beste (Stephen T. Harper; Reinhardt/Harper/Davis, PLC,
on brief), for appellee.

Employer argues on appeal that the Workers' Compensation Commission erred in declining

to address the requirements established in Warren Trucking Co. v. Chandler, 221 Va. 1108 (1981),

before the Commission awarded claimant compensation for home care provided by her spouse. We

agree and reverse the Commission's decision.

## I. BACKGROUND

"Under our standard of review, when we consider an appeal from the commission's

decision, we must view the evidence in the light most favorable to the party who prevailed

before the commission." K & K Repairs & Const., Inc. v. Endicott, 47 Va. App. 1, 6 (2005).

In early 2012, while working as a registered nurse for Cumberland Hospital and Ace

American Insurance Company (employer), Angela Ross sustained severe injuries, including

traumatic brain injury. The Commission entered several awards, including a lifetime medical

award for post-concussion syndrome.

In June 2016, the treating physician recommended a life coach or home health aide to assist Ross with activities of daily living and to monitor safety concerns.[1]  In June 2017, the treating physician recommended that the home health care be provided eight to twelve hours per day, three to four times per week.  Later that year, the treating physician stated it was medically necessary for Ross's safety and well-being "that she is provided with a home health aide or family member oversight" to help assist her with activities of daily living and to monitor safety concerns twenty-four hours a day, seven days a week.

From September 2016 to October 2017, employer provided home health care through an agency which provides home health care for elderly and disabled people.  Four different aides from the agency provided care for Ross during this period.  In August 2017, based on the treating physician's note that Ross should be "provided with a home health aide or family member oversight," Ross filed a claim with the Commission requesting that the home health care be provided by her spouse.  The agency hired Ross's spouse in October 2017 to care for Ross but fired him three weeks later because he did not provide timely activity notes on Ross's care as required by the employment agreement.  After that point, Ross's spouse and daughter were Ross's only home care providers.

The treating physician's notes from November 2017 listed caregiving difficulties as an issue for Ross.  The notes included complaints made by Ross and her spouse about the aides provided by the agency, indicated the treating physician "discussed the emotional toll of being alone during the day," and stated Ross "needs [a] personal care attendant."  The notes also indicated the treating physician discussed ways to get Ross's spouse approved as the caregiver.  Based on the information

---

[1] Medical treatment was provided by the Center for Neurorehabilitation Services.  Ross was most often treated by Physician Assistant Madison Moore, whose recommendations were regularly reviewed and approved by Dr. Gregory O'Shanick.  For convenience, these medical providers are referred to collectively as the "treating physician."

given by Ross and her spouse, the treating physician opined that Ross's experience with the prior caregivers "was detrimental to her health and recovery in that it increased her anxiety and depression. Having her husband as her primary caregiver would greatly decrease the chance of that occurring in the future." By the time of Ross's January 2018 visit with her treating physician, Ross's spouse had resigned from his job and was caring for Ross.

In addressing Ross's claim for compensation for care provided by her spouse, the Commission acknowledged employer's argument that the Commission had to apply the holding in Warren Trucking Co. v. Chandler, 221 Va. 1108 (1981), before it could award compensation for spousal care. Although the Commission enumerated the four requirements set out in Chandler, which it referred to as the "Chandler test," it did not address whether those requirements had all been met. The Commission reasoned that the Chandler test was only applicable in determining whether home health care was medically necessary. The Commission found "the evidence and the parties' stipulations showed home health care was reasonable and necessary treatment causally related to the traumatic brain injury and associated conditions" suffered by Ross. It also found the evidence proved Ross's spouse was the best person to care for Ross because she trusts him and he was a familiar and calming influence. Based on these findings, the Commission concluded "an application of the Chandler test was not necessary."

## II. ANALYSIS

Taking employer's first two assignments of error together, employer argues the Commission erred in requiring that it pay Ross's spouse to provide home health care to Ross without first addressing the requirements established by the Supreme Court in Warren Trucking Co. v. Chandler, 221 Va. 1108 (1981). "Whether disputed medical treatment is compensable as 'other necessary medical attention' within the definition of Code § 65.2-603 presents a mixed

- 3 -

question of law and fact, which this Court reviews *de novo*." Haftsavar v. All Am. Carpet &
Rugs, Inc., 59 Va. App. 593, 599 (2012).

"An injury comes within the scope of the [Workers' Compensation] Act if it results from
an accident arising out of and in the course of the injured employee's employment." Vital Link,
Inc. v. Hope, 69 Va. App. 43, 53 (2018) (alteration in original) (quoting Simms v. Ruby
Tuesday, Inc., 281 Va. 114, 120 (2011)). "[T]he employer has the obligation and responsibility
to supply medical treatment that is prompt, in compliance with the statutory requirements on
choice of physicians, and adequate. If the employer fails to do so, the claimant may make
suitable arrangements to acquire such treatment at the employer's expense." Goodyear Tire &
Rubber Co. v. Pierce, 9 Va. App. 120, 128 (1989); Turner Gilbane JV v. Guzman, 59 Va. App.
128, 134 (2011). Where the claimant believes the home health care provided by employer is
inadequate and seeks to have the employer pay claimant's spouse to provide that care, the four
requirements established by the Supreme Court in Chandler must be applied to determine if the
care provided by claimant's spouse is necessary medical attention. Chandler, 221 Va. at 1116.

In Chandler, the Court framed the dispositive issue as "whether, under the circumstances
of [a particular] case, the services performed by th[e] spouse in attending to the needs of the
disabled claimant qualify as 'other necessary medical attention' within the meaning of Code
§ 65.[2-603]." Id. at 1114. The Court noted that this was "the first time [it had] been called
upon to decide whether home care rendered by a spouse is covered under the statute." Id. at
1115. The Court adopted a variation of the "modern rule" embraced by other states; thus,
"nursing care at home given a disabled employee by the spouse is allowable, provided the care is
'medical attention' and provided it is 'necessary.'" Id. at 1116. The Court established four
requirements that must be met before an employer must pay for home care rendered by the
spouse.

- 4 -

> [T]he employer must pay for the care when it is performed by a spouse, if (1) the employer knows of the employee's need for medical attention at home as a result of the industrial accident; (2) the medical attention is performed under the direction and control of a physician, that is, a physician must state home nursing care is necessary as the result of the accident and must describe with a reasonable degree of particularity the nature and extent of duties to be performed by the spouse; (3) the care rendered by the spouse must be of the type usually rendered only by trained attendants and beyond the scope of normal household duties; and (4) there is a means to determine with proper certainty the reasonable value of the services performed by the spouse.

Id.

In its reasoning, the Court distinguished between necessary medical care provided by a spouse and household duties that included care of the spouse, even if that care included "many extra tasks needed to assist [the spouse]." Id. at 1118. The Court also distinguished between care rendered by a spouse and the same care given by a paid caregiver, quoting with approval a Massachusetts case.

> The wife, it is apparent, has been greatly burdened by her husband's illness and has faithfully done all the multitude of extra things that needed to be done. Had she not been there, . . . paid care would have been required. This is equally true in the many cases where ill, infirm, elderly persons are cared for by their spouses. That paid care would have been the alternative absent the spouse, does not bring the services within the statute.

Id. at 1117 (ellipses in original) (quoting In re Klapacs's Case, 242 N.E.2d 862, 865 (Mass. 1968)). The Supreme Court noted that the court in the Massachusetts case remanded the case "for a determination whether, as the record indicated, a physician had in fact prescribed massaging to aid circulation, knowing the wife was [a trained physiotherapist and a licensed masseuse], in which case such [massaging] services would be compensable." Id.

In applying the four requirements for compensability to the facts in Chandler, the Supreme Court found "the employer knew of the employee's need for home care, and the reasonable value of the care was proved with proper certainty." Id. Thus, the employee had met

the first and fourth requirements for compensability. That the doctors "tacitly approved the care being given the claimant by his spouse," was deemed insufficient by the Court to meet the second requirement because "the record [was] devoid of any evidence to show [the treating physician] described for the [spouse] any 'medical attention' that was 'necessary' for the employee." Id. Instead, "[i]n essence the doctors merely reported information that [claimant and the spouse] submitted" and only made a conclusion that home care was needed and the spouse was providing that care. Id. at 1117-18. The Court reasoned that "[s]uch a conclusion is not a direction that necessary medical attention be administered." Id. at 1118. The Court further found that care provided by the spouse such as grooming, assistance with mobility, and administering routine medication were "not beyond the scope of normal household duties" because "when considered in the light of the claimant's condition and the extent of his disability, [they were not] of the type usually rendered only by trained attendants." Id. Thus, the third requirement was not met either.

Here, the Commission expressly enumerated the four requirements established in Chandler but found them to be inapplicable. The Commission noted the parties had "stipulated the need for a home health aide," and it found home health care was necessary medical attention for Ross's compensable injury. The Commission additionally found the "authorized treating providers ha[d] consistently stated this treatment [wa]s reasonable and necessary for the claimant." It also disagreed with employer's argument that "the home health care [employer] previously supplied through an agency [might] not constitute 'other necessary medical attention' if it is provided by a spouse." It therefore concluded, "The evidence and the parties' stipulations showed home health care was reasonable and necessary treatment, causally related to the traumatic brain injury and associated conditions. Thus, an application of the Chandler test was not necessary." In this conclusion the Commission erred.

- 6 -

The Commission's interpretation of <u>Chandler</u> misses the central reason the Supreme Court established the four-requirement test for compensation of home health care provided by a spouse. The Commission wrongly suggested the Supreme Court "addressed only whether home health services performed by a spouse constituted 'other necessary medical attention.'" On the contrary, the Court framed "the dispositive question [as] whether, under the circumstances of *this* case, the services performed by *this spouse* in attending to the needs of the disabled claimant qualify as 'other necessary medical attention' within the meaning of Code [§ 65.2-603]." <u>Chandler</u>, 221 Va. at 1114 (emphasis added). Three of the four requirements expressly reference the "spouse." The Court in <u>Chandler</u> noted that other states had prevented spouses from receiving compensation at all because the "services performed constitute a duty arising from the marital relationship and [such] services between members of a household are presumed to be gratuitously rendered." <u>Id.</u> at 1115. The Court, however, adopted the view that care given at home to a disabled employee by the spouse is compensable, provided the care is "medical attention" and provided it is "necessary." <u>Id.</u> at 1116. Noting that the terms "necessary" and "medical attention" had not been defined in the statute, the Court proceeded to establish four requirements to test whether an "employer must pay for the care when it is performed by a *spouse.*" <u>Id.</u> (emphasis added). Thus, where a claimant seeks compensation for care rendered by his or her spouse, the four <u>Chandler</u> requirements must always be considered to determine if the employer must pay for that particular care.[2] See <u>id.</u>

The four <u>Chandler</u> requirements help distinguish between spousal care that is inherent in a marital relationship and spousal care that constitutes necessary medical attention. The Court in <u>Chandler</u> gave examples of care that, while given by a spouse and "attributable to the

---

[2] We will leave for another day consideration of the application of <u>Chandler</u> to live-in caregivers other than a spouse.

compensable disability," was not "necessary medical attention" for purposes of the statute. Id. ("administering medicines, preparing [a special] diet, dressing and undressing the employee, . . . massaging, conducting him around the house, and accompanying him wherever he went [because the compensable injury caused blindness]"); id. at 1118 ("bathing, shaving, feeding, assistance in walking, help with braces, aid upon falling, driving, and administering routine medication"). Although it is well-established that home health care may be compensable as necessary medical attention, not all care provided by a spouse is "necessary medical care." As the Court explained, this is true even if "paid care would have been the alternative absent the spouse['s]" willingness to do "all the multitude of extra things that needed to be done" because of the injury. Id. at 1117 (quoting Klapacs's Case, 242 N.E.2d at 865) ("Had [the spouse] not been there, . . . paid care would have been required. [But that] does not bring the services within the statute."). Thus, the fact that employer has paid for home health care by an agency in the past, does not necessarily mean the care provided by Ross's spouse is compensable under Code § 65.2-603. To determine if care rendered by Ross's spouse was necessary medical attention, the Commission had to analyze Chandler's four requirements.

Although the Commission concluded that application of Chandler was unnecessary, it made several findings relevant to an analysis of Chandler's requirements for compensation. Based on employer's stipulation that home health care was medically necessary, the Commission properly found "the employer knows of the employee's need for medical attention at home as a result of the industrial accident." See id. at 1116. The Commission also determined that the care provided by Ross's spouse was valued at $9 per hour. Thus, as in Chandler, Ross presented evidence to meet the first and fourth requirements established in Chandler. That alone is not sufficient, however. Ross must also show the other two requirements have been met—that a physician has "described with a reasonable degree of particularity the nature and extent of duties

- 8 -

to be performed by the spouse" and that those duties are of the "type usually rendered only by trained attendants." Id.

### III. CONCLUSION

Although the Commission found in this case that a home health attendant was necessary medical attention, it erred when it awarded compensation under Code § 65.2-603 for care provided by Ross's spouse without first determining that Ross had met all four requirements from Warren Trucking Co. v. Chandler, 221 Va. 1108 (1981). Accordingly, we reverse that decision and remand for further action in accordance with this opinion.[3]

Reversed and remanded.

---

[3] Because we reverse the Commission's decision on employer's first basis of appeal, we need not address employer's alternative basis—that employer should have been allowed to choose the provider. If the Commission on remand "determine[s] that the treatment provided by the employer was inadequate treatment for the employee's condition and the unauthorized treatment received by the claimant was medically reasonable and necessary treatment, employer should be responsible for the treatment." Vital Link, 69 Va. App. at 63 (quoting Shenandoah Products, Inc. v. Whitlock, 15 Va. App. 207, 212 (1992)). If such a determination is made and if claimant's chosen provider is her spouse, the Chandler test must be applied.